UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach)

Case No. 9:23-cv-81309-DMM

HIPPOCRATES HEALTH INSTITUTE, INC.,

    Plaintiff,

v.

THE STRAUB GROUP INSURANCE & FINANCIAL
SERVICES, LLC and THOMAS G. STRAUB,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, The Straub Group Insurance & Financial Services, LLC ("SGI") and Thomas G. Straub ("Straub") (collectively, "Defendants"), by way of their Answer and Affirmative Defenses to the Plaintiff's Complaint state:

### ANSWER

### *THE PARTIES*

    1.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1, and therefore, they are deemed denied.

    2.    Admitted.

    3.    Admitted.

## JURISDICTION AND VENUE

4. Denied in part; admitted in part. Paragraph 4 contains conclusions of law to which no response is required. Defendants admit, however, that the Federal Court has jurisdiction over the subject matter of this Complaint.

5. Denied as stated. Paragraph 5 contains conclusions of law to which no response is required. Defendants deny the allegations that they committed tortious acts in Florida, breached a contract in Florida and caused injury to Plaintiff within Florida.

6. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6, and therefore, they are deemed denied.

## BACKGROUND

7. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7, and therefore, they are deemed denied.

8. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8, and therefore, they are deemed denied.

9. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9, and therefore, they are deemed denied.

10. Admitted in part, denied in part as stated. Defendants admit only that SGI is principally owned and managed by Straub and that SGI sells annuities to the general public. The terms "investment services" and "financial advice" are subject to a variety of interpretations, and therefore, allegations of Defendants providing "investment services" and "financial advice" are denied.

11. Admitted in part, denied in part. Defendants admit that Straub assisted Plaintiff with the purchase of annuities. Defendants deny that Straub was responsible for managing the annuities purchased by Plaintiff. Defendants deny that all short-term investments and annuities were under the management of Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 11, and therefore, they are deemed denied.

12. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12, and therefore, they are deemed denied.

13. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13, and therefore, they are deemed denied.

14. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14, and therefore, they are deemed denied.

15. Admitted in part, denied in part. Defendants admit that in late March Straub visited Plaintiff's facility and stayed for a period of days. Defendants also admit that while there, Straub met with Plaintiff's representatives. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 15, and therefore, they are deemed denied.

16. Admitted in part, denied in part. Defendants admit that in late March Straub visited Plaintiff's facility and stayed for a period of days. Defendants also admit that while there, Straub met with Plaintiff's representatives. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 16, and therefore, they are deemed denied.

17. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17, and therefore, they are deemed denied.

18. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18, and therefore, they are deemed denied.

19. Admitted in part, denied in part. Defendants admit that Straub e-mailed the chart included in Paragraph 19 to Plaintiff. The chart included in Paragraph 19 speaks for itself and any characterization thereof is denied.

20. Admitted in part, denied in part. Defendants admit that the short-term investments were placed in the "Suspense Account". Defendants deny that the short-term investments were "essentially" annuities that had matured. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 20, and therefore, they are deemed denied.

21. Admitted.

22. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22, and therefore, they are deemed denied.

23. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23, and therefore, they are deemed denied.

24. Admitted in part, denied in part. Admitted that Straub did not provide Plaintiff with access to the bank account statements by July 14, 2023. The term

"endeavor" is subject to a variety of interpretations, and therefore, allegations of Straub failing to "endeavor" to provide account statements is denied.

25. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25, and therefore, they are deemed denied.

26. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26, and therefore, they are deemed denied.

27. Admitted in part, denied in part. Straub admits to having telephone conversations with Brian Clement during the summer of 2023. Straub does not have a specific recollection regarding the date or dates of these calls or the subject matter of any specific call, such as the call referenced in Paragraph 27. Defendants, therefore, lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 regarding the subject matter or specific statements made during the call referenced in Paragraph 27, and accordingly, allegations regarding statements made by Straub during the referenced call are deemed denied.

28. Denied.

29. Admitted.

30. Admitted in part, denied in part. Defendants admit that Straub is not a "certified financial planner" as that term is understood. Defendants deny that Straub utilized his son (Brett T. Straub) and his company (The Straub Group Advantage) to fulfil any licensure requirements.

31. Admitted in part, denied in part. Defendants admit that Plaintiff has made demands for the return of the short-term investment monies. Defendants deny that they have ignored these demands.

32. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32, and therefore, they are deemed denied.

### COUNT ONE: CONVERSION

33. Defendants repeat their responses to the preceding paragraphs as if set forth at length herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied. Paragraph 37 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 37 are denied.

## COUNT TWO: CIVIL THEFT

38. Defendants repeat their responses to the preceding paragraphs as if set forth at length herein.

39. Denied. Paragraph 39 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 39 are denied.

40. Denied. Paragraph 40 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 40 are denied.

41. Denied. Paragraph 41 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 41 are denied.

## COUNT THREE: UNJUST ENRICHMENT

42. Defendants repeat their responses to the preceding paragraphs as if set forth at length herein.

43. Denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43, and therefore, they are deemed denied.

44. Denied. Paragraph 44 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 44 are denied.

## *COUNT FOUR: BREACH OF FIDUCIARY DUTY*

45. Defendants repeat their responses to the preceding paragraphs as if set forth at length herein.

46. Admitted in part, denied in part. Admitted only that Straub sold Plaintiff annuities. The term "entrusted" is subject to a variety of interpretations, and therefore, allegations flowing therefrom and thereafter are denied.

47. Denied. Paragraph 47 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 47 are denied.

48. Denied. Paragraph 48 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 48 are denied.

49. Denied. Paragraph 49 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations of Paragraph 49 are denied.

**WHEREFORE**, Defendants respectfully requests that this Court enter Judgment in their favor dismissing the Complaint, together with such other relief as this Court may deem appropriate, including attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable Doctrine of Laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable Doctrine of Estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable Doctrine of Unclean Hands.

### SIXTH AFFIRMATIVE DEFENSE

While not admitting that Plaintiff sustained any loss, damage or injury, any such losses, damages or injuries sustained by Plaintiff were caused by, and are the result of actions of other parties over whom these Defendants exercised no control and for whom they had no responsibility.

### *SEVENTH AFFIRMATIVE DEFENSE*

Defendants did not breach any duty, express or implied, which proximately caused or contributed to the damages alleged by Plaintiff.

### *EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff has suffered no ascertainable loss.

### *NINTH AFFIRMATIVE DEFENSE*

Plaintiff failed to mitigate its alleged damages; the existence of such damages being hereby denied.

### *TENTH AFFIRMATIVE DEFENSE*

Plaintiff 's claims are barred, in whole or in part, by the doctrine of set-off.

### *ELEVENTH AFFIRMATIVE DEFENSE*

Defendants are discharged from all liability due to fully performing and discharging all duties.

### *TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by the applicable Statute of Limitations.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction and release.

## *FOURTEENTH AFFIRMATIVE DEFENSE*

Plaintiff is not entitled to treble damages as Defendants did not act or fail to act in a manner sufficient to give rise to treble damages.

## *FIFTEENTH AFFIRMATIVE DEFENSE*

Venue does not lie in the District Court for the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims asserted herein did not occur in said District.

**WHEREFORE**, Defendants respectfully request that this Court enter Judgment in their favor dismissing the Complaint against them, together with such other relief as this Court may deem appropriate, including attorneys' fees and costs.

Date: November 2, 2023            Respectfully Submitted,

LOGS LEGAL GROUP LLP
*Attorneys for the Defendants*
2424 North Federal Highway, Suite 360
Boca Raton, Florida 33431
561-287-5599 (phone)
561-287-5589 (fax)

By:/s/ *Ronald M. Gaché*
　　Ronald M. Gaché, Esq.
　　Florida Bar No. 699306
　　rgache@logs.com
　　Scott A. Simon, Esq.
　　Florida Bar No. 0088676
　　ssimon@logs.com

*and*

>Bradley K. Sclar, Esq. (*pending pro hac vice*)
>Douglass F. Sclar, Esq. (*pending pro hac vice*)
>SCLAR & SCLAR, LLC
>*Co-Counsel for the Defendants*
>Five Greentree Centre, Suite 104
>525 Route 73 North
>Marlton, New Jersey 08053
>856-988-8008 (phone)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via Notice of Electronic Filing by CM/ECF transmission to all counsel and parties who are registered to receive such service in this case on November 2, 2023.

>By:/s/ *Ronald M. Gaché*
>      Ronald M. Gaché, Esq.